UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-80673-MIDDLEBROOKS

NEDEL DIAZ VALDES,

    Plaintiff,

v.

ACCOUNTS RECEIVABLE
RESOURCES, INC., a/k/a
AR RESOURCES, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO STAY

THIS CAUSE is before the Court upon a Motion to Stay filed by Defendant Accounts Relievable Resources Inc., a/k/a AR Resources, Inc., ("ARR") on December 28, 2019. (DE 21). Plaintiff Nedel Diaz Valdes ("Plaintiff") responded on December 30, 2019. (DE 27). Defendant replied the same day. (DE 30). For the following reasons, the Motion to Stay is granted.

### BACKGROUND

ARR is a consumer collection agency to which outstanding debts are referred. In this case, Plaintiff alleges that ARR violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by seeking to collect funds from Plaintiff for a debt which was covered by workers compensation, and thus not owed by Plaintiff. (DE 1 ¶¶ 14-26).

As part of its affirmative defense to this allegation, ARR states that it has "an agreement with its client pursuant to which the client agrees to refer only valid, due, and owing debts." (DE 11 at 3-4). Essentially, ARR argues that it did not breach the FDCPA because it was entitled to

rely on the fact that the debt would not have been referred had it not been valid. Thus, a major issue in this case is whether such an agreement insulated ARR from liability under the FDCPA.

*Malone v. Accounts Receivable Resources, Inc.,* Case No. 19-CV-15047-Ruiz (S.D. Fla.) ("*Malone*") is a very similar case involving the same defendant, the same counsel, referral of a debt to ARR from the same entity (JFK Medical Center) and the same alleged error (that no debt was owed by the plaintiff as it was covered by worker's compensation). ARR uses identical language in its affirmative defense in *Malone*, stating that it had "an agreement with its client pursuant to which the client agrees to refer only valid, due, and owing debts." (*Malone,* DE 6 at 3). In Judge Ruiz's Order on the parties' cross motions of summary judgment, he analyzed whether such an agreement precluded ARR's liability. (*Malone,* DE 60). He concluded that it did not and that ARR was still required to determine whether the debt was valid before commencing collections activities. On December 18, 2019, ARR appealed this decision. ARR now seeks a stay in this case pending the Eleventh Circuit's decision in *Malone*.

## LEGAL STANDARD

A federal district court has the inherent power to stay proceedings in one suit pending the decision in another. *See Landis v. North Am. Co.,* 299 U.S. 248 (1936). The parties to the two cases and the issues involved do not need to be identical for a court to have the power to stay a case. *See Landis,* 299 U.S. at 254. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254–55; *see also Clinton v. Jones,* 520 U.S. 681, 706 (1997) ("The district court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Where federal courts with concurrent jurisdiction are involved, there

is no need to demonstrate compelling need for a stay, but merely that the stay is appropriate. *Landis,* 299 U.S. at 254-56.

## DISCUSSION

As this case and *Malone* involve essentially the same facts, and as ARR has raised the same affirmative defense, I am satisfied that the outcome of *Malone* is relevant to this case. However, the remaining issue is whether guidance from the Eleventh Circuit is necessary, or whether there is existing precedent sufficient on point. In deciding *Malone*, Judge Ruiz relied heavily on the Eleventh Circuit's decision in *Owen v. I.C. System, Inc*, 629 F.3d 1263, 1275 (11th Cir. 2011). Plaintiff argues that *Owen* provides sufficient clarity to resolve the pending case without need for the guidance *Malone* may offer.

*Owen* involves a debt collection company which erroneously charged excessive interest on a debt. *Id.* at 1265-1268. As an affirmative defense, the collection agency argued that its contract with the creditor stated that the creditor would only refer debts which were "validly due and owing." *Id.* at 1267. However, the Court found that this was not a valid defense. Although the Court agreed that "the FDCPA does not require debt collectors to independently investigate and verify the validity of a debt . . . the debt collector has an affirmative statutory obligation to maintain procedures reasonably adapted to avoid *readily discoverable errors.*" *Id.* at 1276-77 (emphasis added). "A debt collector does not fulfill this affirmative obligation by delegating it entirely to creditors." *Id.* at 1277.

Although this decision provides some guidance, it does not address whether coverage under worker's compensation is a "readily discoverable error." In a footnote, the Court does state that "to the extent *Smith* [another case involving an accounting error by the creditor] implies that a referral or agreement—stating the creditor will refer only valid debts—alone insulates a debt

collector from FDCPA liability, we disagree." *Id.* at 1277 n. 18. However, this statement is non-binding dicta. Additionally, without further elaboration from the Court, it is not clear whether this statement means that a referral agreement would not insulate a debt collector from the error alleged in *Smith*, or from any error. This single, unclarified statement does not mandate a ruling for either party in this case.

*Owen*'s lack of clarity is further demonstrated by subsequent district court decisions. For example, in *Cornette v. I.C. Sys., Inc.*, the Court held that "[a]t least for the initial communication with the consumer, [the collection agency] is entitled to rely on the representations of its clients with respect to consumer debts without the need to conduct a pre-collection investigation." *Cornette v. I.C. Sys., Inc.*, 280 F. Supp. 3d 1362, 1371 (S.D. Fla. 2017). Of course, *Cornette* is not binding upon this Court and therefore does not represent contrary authority. However, as it was decided after *Owen*, it suggests that *Owen* is not the definitive statement of law which Plaintiff claims it to be. Therefore, I find that while *Owen* may play a part in reaching a decision in this case, there is still considerable room for clarity on this issue. Thus, I find that it is appropriate to wait for the Eleventh Circuit's ruling in *Malone*.

## CONCLUSION

Upon careful consideration of the Parties' written submissions, the record, and applicable law pertaining to the claims at issue, I find that the Eleventh Circuit's decision in *Malone* will provide needed clarity in deciding this case. As *Malone* was only recently appealed, I find that it is appropriate to administratively close this case while it is stayed. Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1. Defendants' Motion to Stay (DE 21) is **GRANTED**.
2. The Clerk of Court shall **ADMINISTRATIVELY CLOSE THIS CASE**

3. All pending Motions are **DENIED AS MOOT**, subject to being renewed, if any party deems it necessary, after the stay is lifted.

4. The stay shall be lifted and this case shall be restored to the active docket upon the motion of either Party after the Eleventh Circuit has reached a decision in *Malone v. Accounts Receivable Resources, Inc.* The Parties shall file a Motion to Lift Stay as soon as possible after the *Malone* decision is rendered, but in no case more than two weeks after the mandate issues. At that point, a new trial date will be set.

**SIGNED** in Chambers at West Palm Beach, Florida on this 7 day of January, 2020.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE